58 P.3d 44

PARKING CONCEPTS, INC., an Arizona corporation; John K. Tillison; and Lawrence Tantillo, Plaintiffs–Appellees,

v.

Gary TENNEY and his wife, Dee Tenney; Scott Jackson Brokerage, Inc., an Arizona corporation, Defendants–Appellees,

and

Gulf Underwriters Insurance
Co., a Missouri corporation,
Garnishee–Appellant.

Gulf Underwriters Insurance Co.,
a Missouri corporation,
Plaintiff–Appellant,

·v.

Parking Concepts, Inc., an Arizona corporation; JOHN K. Tillison; Lawrence Tantillo; Gary Tenney and his wife, DEE Tenney; Scott Jackson Brokerage, Inc., an Arizona corporation; and Core/Jackson, Inc., an Arizona corporation, Defendants–Appellees.

Nos. 1 CA–CV 00–0129, 1 CA–CV
01–0600, 1 CA–CV 02–0026.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 26, 2002.

Jardine, Baker, Hickman &˙ Houston, P.C. By Gerald T. Hickman, Phoenix, Attorneys for Garnishee–Appellant/Plaintiff–Appellant.

Hopkins & Kreamer, P.C. By Joseph C. Kreamer, Phoenix, Attorneys for Plaintiffs–Appellees/Defendants–Appellees, Parking Concepts, Inc., Tillison, and Tantillo.

Wright & Associates By Lawrence C. Wright, Lee Allen Johnson, Mesa, Attorneys for Defendants–Appellees, Tenney and Scott Jackson Brokerage, Inc.

Brown & Bain, P.A. By Richard M. Lorenzen, Phoenix, Attorneys for Defendants–Appellees, CORE Jackson, Inc.

## OPINION

WEISBERG, Judge.

¶ 1 Gulf Underwriters Insurance Co. ("Gulf") appeals from final judgments in garnishment and rescission proceedings. We have addressed most of the trial court's rulings in a separately filed memorandum decision, affirming in part and reversing in part. *See Parking Concepts, Inc. v. Tenney,* 1 CA–CV 00–0129, 1 CA–CV 01–0600, 1 CA–CV 02–0026 (Consolidated) (Ariz.App.). The remaining issue is whether the trial court's acceptance of a *Morris* agreement was inappropriate because it considered the insureds' potential loss of their real estate licenses even though that potential loss arose out of an uninsured risk. Because we consider such a risk to be outside the applicable insurance coverage, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This case arises out of a soured real estate transaction. In 1993, Gary Tenney ("Tenney") brokered a transaction whereby Parking Concepts, Inc., ("PCI") would acquire an airport parking lot. PCI later alleged that Tenney misrepresented the property tax liability for the lot and sued for fraud, negligent misrepresentation, and breach of lease.

¶ 3 Although fraudulent conduct was not an insured risk, Gulf defended Tenney and his employer, Scott Jackson Brokerage ("SJB"), under a reservation of rights. The pretrial litigation proceeded for more than two years until Tenney and SJB demanded that Gulf settle the case or withdraw its reservation of rights. When Gulf failed to do either, PCI, Tenney, and SJB executed a *Morris* agreement.

¶ 4 A *Morris* agreement allows insureds defended under a reservation of rights to stipulate to a judgment and assign their rights under the policy to a plaintiff in exchange for the plaintiff's covenant not to execute the judgment against the insured. *See United Servs. Auto. Ass'n v. Morris,* 154 Ariz. 113, 119, 741 P.2d 246, 252 (1987). If the stipulated judgment is reasonable and is not fraudulent or collusive, the plaintiff may seek to enforce the judgment against the insurer in a garnishment proceeding, where the insurer may assert its policy defenses against the plaintiff. *Id.*

¶ 5 Here, Tenney and SJB stipulated to a $430,000 judgment in favor of PCI on the negligent misrepresentation claim and agreed to personally pay PCI $35,000 in partial satisfaction of that judgment. Thus, PCI would receive a total of $465,000: $35,000 from Tenney and SJB; $395,000 garnished directly from Gulf; and, as the assignee of the insureds' rights under the policy, an additional $35,000 from Gulf to indemnify Tenney and SJB for their out-of-pocket costs. In exchange, PCI agreed to dismiss the fraud claim and covenanted not to execute the judgment against Tenney or SJB.

¶ 6 PCI then sought to collect the judgment amount from Gulf. Gulf asserted, among other issues, that the *Morris* agreement was invalid because the stipulated damages were unreasonable. The court disagreed and held that the *Morris* agreement was enforceable. Gulf timely appeals, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12–2101(E) (1994).

## DISCUSSION

■ ¶ 7 Gulf contends that the trial court relied on improper factors in concluding that the stipulated damages in the *Morris* agreement were reasonable. In *Morris*, our supreme court stated,

> The test as to whether the settlement was reasonable and prudent is what a reasonably prudent person in the insureds' position would have settled for on the *merits* of the claimant's case. This involves evaluating the facts bearing on the liability and damage aspects of claimant's case, as well as the risks of going to trial.

154 Ariz. at 121, 741 P.2d at 254 (citations omitted) (emphasis in original). Although PCI had only requested monetary damages, during the evidentiary hearing PCI argued that Tenney and SJB might lose their real estate licenses if the case proceeded to trial and PCI prevailed on its fraud claim. The trial court considered this factor to be one of the risks of going to trial and, after weighing all of the risks, deemed the settlement reasonable.

■ ¶ 8 The question we must address, then, is whether the potential loss of a real estate license, based on a defendant's alleged, although uninsured, fraudulent conduct, may be considered when determining the reasonableness of the settlement. When assessing reasonableness, we are mindful that "[a]n insured's settlement agreement should not be used to obtain coverage that the insured did not purchase." *Morris*, 154 Ariz. at 120, 741 P.2d at 253 (citing 7C John Alan Appleman, *Insurance Law & Practice* § 4690, at 235 (Walter F. Berdal ed., 1979)); *see also* 1 Allan D. Windt, *Insurance Claims & Disputes: Representation of Insurance Companies and Insureds* §§ 5.11, 6.31 (3d ed.1995). Tenney and SJB risked losing their licenses only in the event that PCI prevailed on its fraud claim. However, such a loss would not be covered by the policy because the policy excluded coverage for fraudulent acts. Thus, Tenney and SJB have attempted to enforce a settlement that was entered into, in part, to avoid responsibility for their alleged fraudulent acts. Insureds may not expand their coverage through stipulated judgments any more than they can stipulate that the underlying conduct was insured rather than uninsured. *See Morris*, 154 Ariz. at 120, 741 P.2d at 253. The reasonableness requirement is an effective defense against such practices.

■ ¶ 9 Here, PCI did not seek the loss of Tenney's and SJB's real estate licenses. The license revocations would merely be a potential consequence of a fraud judgment, and the policy did not insure against the unintended and remote consequences of such a judgment. *See* 1 Windt, *supra*, § 5.01, at 298 & n. 14 (stating that "better rule" is that insurer has no duty to settle claims in order to minimize non-liability risk to insured). An insurer is not merely the insured's pocketbook:

> If the insurance company is required to do exactly as the insured would do if the latter had no insurance, then it might be required to settle a completely groundless claim if, because the claimant was a valued customer of the insured, the latter would have settled the claim despite its being groundless. An insurer is not the insured's alter ego. Its fiduciary duty is bounded by its contractual undertakings, which here did not include the protection of customer relations.

*Charter Oak Fire Ins. Co. v. Color Converting Indus. Co.*, 45 F.3d 1170, 1176 (7th Cir. 1995). The trial court, therefore, ought not have considered the risk that SJB and Tenney might lose their licenses because that was a consequence against which the policy did not insure.

## CONCLUSION

¶ 10 We conclude that the trial court erred in considering the risk of Tenney and SJB losing their real estate licenses when determining the reasonableness of the settlement. We therefore reverse the trial court's finding of reasonableness and remand for a new determination consistent with this opinion.

CONCURRING: JON W. THOMPSON, Presiding Judge, and E.G. NOYES, JR., Judge.